Scott A. MILLS *v.* STATE of Arkansas

CR 87-129                                      737 S.W.2d 460

Supreme Court of Arkansas
Opinion delivered October 12, 1987

*Hale, Ward, Young, Green, Nixon, Jacobs & Hickey*, by: *Stephen R. Cobb*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Stephen Cobb petitions this court to be relieved as counsel for Scott A Mills. Cobb was appointed by the trial court to represent Mills in his appeal of the denial of a Rule 37 petition. Cobb researched the allegations and determined the appeal was meritless. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 11(h), attorneys have been required to file a brief setting out all issues which might support an appeal and explain why those issues have no merit prior to being relieved as counsel. Recently, the United States Supreme Court held the *Anders* procedures do not extend to collateral post-conviction petitions because there is no federal constitutional right to counsel in pursuing an appeal in a post-conviction proceeding. *Pennsylvania v. Finley*, ___ U.S. ___, 107 S. Ct. ___, 95 L. Ed. 2d 539 (1987).

A.R.Cr.P. Rule 37 provides that the trial court shall appoint counsel for an appeal to this court if post-conviction relief is denied. The attorney on appeal is required to follow all rules regarding direct appeals from the original judgment of conviction. If the attorney determines the appeal is without merit, he is required to file a "no merit" brief. Ark. Sup. Ct. R. 11(h).

Although we are cognizant of *Finley*, that decision does not affect our rules. We will continue to review the denial of Rule 37 petitions. Appointed counsel must file an appeal brief and if he determines the appeal is without merit, he must state his reasons. This procedure will safeguard the defendant's right to an appeal and afford us a method to determine if the attorney is correct that the appeal is without merit. In light of the foregoing, we request the Supreme Court Committee on Rules of Pleading, Practice and Procedure in Criminal Cases to re-evaluate Rule 37 and determine if there are any alternative methods available that will alleviate the burden on appointed counsel but still safeguard the defendant's right to an appeal from the denial of Rule 37 relief.

Motion denied.